**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JONATHAN HARRIS,
   Plaintiff,

           v.

VALET LIVING, INC.,
   Defendant.

Civil Action No.
1:25-cv-02887-SDG

## OPINION AND ORDER

This matter is before the Court on the Final Report and Recommendation
(R&R) of United States Magistrate Judge J. Elizabeth McBath [ECF 10], which
recommends that the Second Amended Complaint (SAC) filed by Plaintiff
Jonathan Harris [ECF 8] be dismissed with prejudice. Harris filed objections [ECF
13]. After careful consideration, Harris's objections are **OVERRULED**, and the
R&R is **ADOPTED** in its entirety.

## I.  Applicable Legal Standard

A party challenging a R&R issued by a United States Magistrate Judge must
file written objections that specifically identify the portions of the proposed
findings and recommendations to which an objection is made and must assert a
specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th
Cir. 2009). The district court must "make a *de novo* determination of those portions
of the report or specified proposed findings or recommendations to which

1

objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "'[f]rivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

When a litigant chooses to proceed *pro se*, his pleading is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation omitted); *see also Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding

that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## II.     Discussion

As the factual and procedural background of this case are fully set out in the R&R,[1] undersigned recounts only a limited procedural history for purposes of this Order. Judge McBath granted Harris's application to proceed *in forma pauperis* (IFP) but determined that his Complaint was insufficient to survive frivolity review under 28 U.S.C. § 1915(e)(2)(B).[2] She gave Harris explicit repleading instructions, but he failed to comply with the instructions in many ways; Judge McBath therefore determined that Harris's First Amended Complaint (FAC) was also frivolous.[3] She gave him another opportunity to amend his pleading, again with explicit instructions.[4] Harris filed the SAC, and Judge McBath once again

---

[1]    ECF 15, at 2-3.

[2]    ECF 3.

[3]    ECF 7.

[4]    *Id.*

determined that it was frivolous.[5] The R&R recommends dismissal with prejudice because Harris failed twice already to correct his pleading in accordance with Judge McBath's instructions, making subsequent amendment futile.[6]

Harris raises four objections, arguing that: (1) the R&R fails to address a motion to supplement the record, filed five days after the SAC; (2) the R&R denies leave to supplement in violation of Rule 15(d) of the Federal Rules of Civil Procedure; (3) dismissal with prejudice is "premature and unjustified" on account of his *pro se* status; and (4) Judge McBath's "simultaneous issuance of the R&R and denial of the motion to supplement demonstrates procedural irregularity."[7] Undersigned interprets the first, second, and fourth objection as all raising the same issue: that the R&R erred in denying the motion to supplement.

### A.      The Motion to Supplement is denied.

Rule 15(d) states, in pertinent part, that "[t]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). The Rule

---

[5]   ECF 10.

[6]   *Id.* at 4–5.

[7]   ECF 13, at 1–2.

"is intended to give the court broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment. The Eleventh Circuit "make[s] 'liberal allowance' for supplemental pleadings." *Cowen v. Sec'y of State of the State of Georgia*, 2025 WL 3290631, at *4 (11th Cir. Nov. 18, 2025) (citing *Camilla Cotton Oil Co. v. Spencer Kello & Sons, Inc.*, 257 F.2d 162, 167 (5th Cir. 1958)). "Nevertheless, while the court's discretion is broad, and while that discretion should be exercised liberally, it is not unlimited. First, there is the express limitation that any supplementation must be based on a 'transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" *W. Alabama Women's Ctr. v. Miller*, 318 F.R.D. 143, 148 (M.D. Ala. 2016) (citing Fed. R. Civ. P. 15(d)). Additional considerations, such as if the supplementation would be "futile" or if there has been "unreasonable delay in presenting the supplementation," can also guide the Court's discretion. *Id.* Perhaps the "bottom line" is whether supplementation would "promote 'the efficient administration of justice.'" *Id.* (citing *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963)).

Harris's Motion to Supplement seeks to add further details to a mental health condition that he previously discussed in the SAC.[8] He attaches "Exhibit

---

8    *Compare* ECF 9-1, at 1 *with* ECF 8, at 93 (both describing Harris as having been "diagnosed" with a mental health condition).

C," which he describes in his objections as "a professionally supported therapy and medication statement,"[9] but which appears to be further notes and statements made by Harris about how his workplace situation has affected his emotional wellbeing.[10] He then attaches a series of screen-shots that appear to be therapy appointment text reminders dating from February 28, 2025 to late July of the same year.[11]

Because the SAC was filed on July 30, 2025,[12] Harris's proposed supplements do not contain a "transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). In any event, supplementing the SAC with this material would be "futile" and would fail to "promote the efficient administration of justice." *Miller*, 318 F.R.D. at 148. As the R&R notes of the SAC, "it is 97 pages long," "not organized or structured in any cognizable fashion," and "it is in fact quite difficult to describe."[13] When granting Harris an opportunity to replead after both the initial Complaint and the FAC, Judge McBath warned Harris that his complaints were shotgun pleadings, and she provided instructions for how to comply with Rule 8's

---

[9]    ECF 13, at 6.

[10]    ECF 9-1, at 3–6 (signed by Plaintiff).

[11]    *Id.* at 7–23.

[12]    ECF 8.

[13]    ECF 10, at 4.

pleading requirements.[14] The SAC did not comply with these instructions.[15] Allowing Harris to supplement his third shotgun pleading with additional, unorganized factual information would be futile. Accordingly, Harris's objections concerning the denial of his motion to supplement are overruled.

### B. The SAC is dismissed with prejudice.

Harris next argues that dismissal with prejudice is "premature and unjustified" because he "complied in good faith with the Court's prior orders and presented a facially plausible ADA and retaliation case."[16] But Harris did not comply with the Court's prior orders—the SAC still suffers from the same pleading deficiencies that Judge McBath noted in her two prior repleader orders.[17]

The SAC is, once again, a shotgun pleading. A "shotgun pleading" is one that does "not provide a short and plain statement of a claim as required by Rule 8." *Brown v. Air Line Pilots Ass'n*, 2020 WL 2175959, at *1 (11th Cir. May 6, 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)). A shotgun pleading fails "to give the defendants adequate notice of the claims against them

---

[14]   ECF 3, at 9, 14–15; ECF 7, at 6–7, 11–12.

[15]   ECF 8; ECF 10, at 4.

[16]   ECF 13, at 6.

[17]   *Id.* at 3–4.

and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted).

As the R&R explains of the SAC, "it jumps from a count, to a section containing numbered, unnumbered, and bulleted paragraphs of factual allegations, legal arguments, evidence lists, and legal violations that Plaintiff attributes to each of his supervisors, to Plaintiff's explanation of his EEOC Charges and events surrounding the filing of those Charges, to copies of text messages, to another count, and so on."[18] The SAC is "in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). Much of its 97 pages contain repetitive factual allegations that are irrelevant to the stated claims.

Harris is correct in asserting that *pro se* pleadings are to be construed liberally, *Erickson*, 551 U.S. at 94, but such filings still must comply with the Federal Rules of Civil Procedure. *Moon*, 863 F.2d at 837. Because Harris has twice failed to comply with Judge McBath's repleading instructions, undersigned agrees with the R&R's conclusion that subsequent amendment would be futile. "[R]epeated failure to cure deficiencies by amendments previously allowed . . . and futility of the amendment can justify dismissal with prejudice." *Carvel v. Godley*, 404 F. App'x

---

[18]    ECF 10, at 4 (internal references to the SAC omitted).

359, 361 (11th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (cleaned up). Accordingly, Harris's objection against dismissing with prejudice is overruled.

## III.   Conclusion

Harris's objections to the R&R [ECF 13] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 10] as the Order of this Court. The Motion to Supplement the Record [ECF 9] is **DENIED**. The SAC is **DISMISSED with prejudice**. All pending motions (including ECFs 16 and 22) are **DENIED as moot**.

The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 30th day of March, 2026.

Steven D. Grimberg
United States District Judge